# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CRIMINAL NO. 02-30086-GPM |
| RONALD E. BLAKE, | ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Ronald Blake filed a *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) on December 28, 2011 (Doc. 207). The Court then appointed the Office of the Federal Public Defender to represent Mr. Blake, but later granted Mr. Blake's request to proceed *pro se* (Doc. 212). Mr. Blake filed a second motion to reduce his sentence pursuant to § 3582(c)(2) on February 22, 2012 (Doc. 213).

## BACKGROUND

A jury found Mr. Blake guilty of one count of distributing cocaine base on April 4, 2003 (Doc. 61). The count on which he was found guilty (Count 2) involved the sale of 27.8 grams of crack cocaine to a confidential source on July 9, 2002 (Doc. 86). He was found not guilty on Count 1, which was the sale of 25 grams of crack cocaine on July 5, 2002. The crack cocaine from both transactions was considered relevant conduct for the purposes of Mr. Blake's presentence investigation report (Doc. 86). His base offense level for 52.8 grams of crack cocaine was, at the time, 32. However, Mr. Blake had two prior felony convictions for a crime of violence and for a

controlled substance offense: a 1993 conviction for assaulting, resisting, or impeding a federal officer; and a 1992 conviction for possession for sale of cocaine. He therefore classified as a career offender under U.S.S.G. § 4B1.1. His offense level was determined under U.S.S.G. § 4B1.1 (career offender), not U.S.S.G. § 2D1.1 (drug quantity).

Mr. Blake was first sentenced on October 7, 2003 to 360 months imprisonment–the low end of the guideline range (that guideline range determined by his career offender status) (Doc. 88). On appeal, the Seventh Circuit issued a limited remand for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005) (Doc. 116). At his second sentencing, on August 30, 2006, Mr. Blake's guideline sentence was still determined by his status as a career offender–however, because Mr. Blake had acted to save the life of a prison employee, the Court departed downward and sentenced Mr. Blake to 210 months imprisonment (Docs. 142, 143). The Court neglected to offer Mr. Blake his right of allocution at the August 30, 2006 sentencing, and Mr. Blake appealed. The Court of Appeals found that error was not harmless and remanded for resentencing (Doc. 157). At his third sentencing, on September 17, 2007, Mr. Blake again received a sentence of 210 months imprisonment (Doc. 165). Mr. Blake again appealed his sentence, and the Seventh Circuit again remanded for resentencing, finding that this Court could have considered the sentencing disparity between crack and powder cocaine offenses in its determination of Mr. Blake's sentence under *Kimbrough v. United States,* 552 U.S. 85 (2007) (Doc. 178). Mr. Blake's fourth sentencing was held on October 27, 2008, and the Court again adopted the presentence investigation report ("PSR") without change–the PSR determining Mr. Blake's offense level as a function of his career offender status (Doc. 187). The Court, considering the relevant factors under 18 U.S.C. § 3553(a) and the sentencing disparity between crack and powder cocaine offenses, departed from the guidelines and

sentenced Mr. Blake to 168 months imprisonment (Doc. 194).

## DISCUSSION

"As a general rule, with just a few exceptions, a district court may not modify a term of imprisonment once it has been imposed. In section 3582(c)(2), Congress created one narrow exception." *United States v. Guyton,* 636 F.3d 316, 318 (7th Cir. 2011). A defendant urging a sentence reduction under § 3582(c)(2) must show: (1) the Sentencing Commission has lowered the applicable guideline sentencing range; and (2) that the reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). If the guideline amendment has not lowered the defendant's applicable guideline sentencing range, then the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence,* 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman,* 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States,* 129 S.Ct. 1924 (2009). Here, Mr. Blake's guideline sentencing range was based on his classification as a career offender under U.S.S.G. § 4B1.1. "[T]he amendments leave the career-offender guideline unchanged." *United States v. Griffin,* 652 F.3d 793, 803 (7th Cir. 2011). The Court is therefore without jurisdiction to reduce Mr. Blake's sentence. *See United States v. Griffin* 652 F.3d at 803 ("Because the amendments leave the career-offender guideline unchanged and Griffin's offense level of 37 and criminal-history category of VI were based on that guideline, see U.S.S.G. § 4B1.1, the amendments do not affect Griffin's applicable guidelines range of 360 months to life. Accordingly Griffin was not sentenced 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' 18 U.S.C. § 3582(c)(2), and he will not be eligible for a reduction under § 3582(c)(2) when the amendments become retroactive."); *United States v. Foreman,* 553 F.3d at 590 (holding that

defendant's guideline range was based on his career-offender status and retroactive guideline amendments consequently did not lower the applicable guideline range).  As Mr. Blake's effective guideline range has not changed, he is not eligible for a sentence reduction under § 3582(c)(2).

Mr. Blake argues that the Supreme Court's decision in *Freeman v. United States* provides some basis for the Court to reduce his sentence pursuant to § 3582(c)(2) (Doc. 213).  131 S.Ct. 2685 (2011).  In *Freeman,* the plurality of the Court held that defendants who enter into 11(c)(1)(C) plea agreements may be eligible for a sentence reduction under § 3582(c)(2), stating: "The district judge's decision to impose a sentence may...be based on the Guidelines even if the defendant agrees to plead guilty under Rule 11(c)(1)(C).  Where the decision to impose a sentence is based on a range later subject to retroactive amendment, § 3582(c)(2) permits a sentence reduction.  *Freeman,* 131 S.Ct. at 2690 (2011).  *Freeman* does not support Mr. Blake's motion for a § 3582(c)(2) reduction–"Defendant did not enter into a plea agreement, let alone a Rule 11(c)(1)(C) agreement.  Moreover, this Court is not dismissing the Motions on the basis that Defendant is ineligible because of an 11(c)(1)(C) agreement."  *United States v. Parrish,* No. 09-30032, 2012 WL 848154 at *4 (C.D.Ill. March 13, 2012).

Furthermore, though not raised in Mr. Blake's motion, the Court has considered the rationale for a § 3582(c)(2) sentence reduction of the Second Circuit Court of Appeals in *United States v. McGee*.  553 F.3d 225 (2d Cir. 2009).  In *McGee,* the Second Circuit found that "a defendant who was designated a career offender but ultimately explicitly sentenced based on a Guidelines range calculated by Section 2D1.1 of the Guidelines is eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2) and the crack amendments." *Id.* at 230.  Here, the Court did reference the guideline range Mr. Blake would have received had he not been classified a career offender–finding that Mr. Blake's

2D1.1 offense level (at his November, 2008 sentencing) would have been 32, yielding a sentence range of 168 to 210 months when considered with Mr. Blake's pre-career-offender criminal history category IV (Doc. 545). The Seventh Circuit's post-*McGee* opinion in *United States v. Guyton*, however, leads the Court to the conclusion that what matters for the purpose of a § 3582(c)(2) sentence reduction is the guideline range actually determined before any departures. *Guyton,* 636 F.3d at 319-20. The Court of Appeals in *Guyton* held that "for purposes of section 3582(c)(2), the relevant sentencing range is the one calculated before the defendant received the benefit of a downward departure under Chapter 5 of the Guidelines." *Id.* at 317. Mr. Blake's Judgment reflects that the Court did first calculate his guideline range *as a career offender, then* departed on the basis of 18 U.S.C. § 3553(a) factors (Docs. 188, 194). As § 3553(a) departures–like Guideline subsection departures–are also made *after* the Court calculates the applicable guideline range, the rationale in *Guyton* applies here. *See Id.* at 320 n.2. The applicable guideline range is the one established before any departures, and as the Sentencing Commission has not retroactively amended the career offender guideline–Mr. Blake's applicable guideline range–he is not eligible for a § 3582(c)(2) reduction.

## CONCLUSION

Mr. Blake's motions for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (Docs. 207 and 213) are therefore **DENIED**.

**IT IS SO ORDERED.**

DATED: April 4, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge